UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| ANITA JOHNSON, and JOHN CONE, <br><br> Plaintiffs, <br><br> v. <br><br> ANTIONETTE MARSH, WERNER ENTERPRISES, and ACE AMERICAN INSURANCE CO., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

CV424-114

## ORDER AND REPORT AND RECOMMENDATION

Defendant Werner Enterprises, Inc., removed this case to this Court from the State Court of Liberty County on June 7, 2024. Doc. 1. A few days later, on June 10, 2024, Defendants Antionette Marsh, Werner Enterprises, Inc., and Ace American Insurance Co. filed a Motion to Dismiss arguing that the statute of limitations had run and Plaintiffs had failed to serve any Defendant. Doc. 7. Plaintiffs failed to appear and respond to the Motion to Dismiss, so the undersigned recommended the case be dismissed. Doc. 9. Plaintiffs then appeared and objected to the Report and Recommendation, doc. 10, and the Court afforded them an opportunity to move for leave to respond to the Motion to Dismiss with

1

an explicit direction to attach the proposed response to the extension request, doc. 11.  They filed a non-compliant Motion for an Extension of Time, doc. 13, which the Court denied, doc. 15.  Additionally, the Court directed Plaintiffs and their attorney, Mr. Solomon Amusan, to respond and, respectively, show cause why Plaintiffs' Complaint should not be dismissed for failure to obey court orders and to prosecute and why disciplinary proceedings should not be convened as to Mr. Amusan.  *See* doc. 18 at 2 (citing Fed. R. Civ. P. 41(b); S.D. Ga. LR Civ. 83.5).

On October 3, 2024, the Court held a hearing at which Mr. Amusan and Defendants' counsel appeared.  *See* doc. 23.  Also on that date, Plaintiffs filed another Motion seeking a retroactive extension of their deadlines to respond to the pending Motion to Dismiss.  *See* doc. 21.  Defendants responded to that Motion.  Doc. 27.  Finally, Plaintiffs filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 41(a)(2), doc. 28, *amended at* doc. 29,[1] which Defendants oppose, doc. 30.  All of the various Motions and issues are ripe for resolution.

---

[1] Plaintiffs filed two versions of the same Motion.  *See* docs. 28 & 29.  The second version attached Plaintiffs' counsel's affidavit.  *See* doc. 29-1.  The Clerk is **DIRECTED** to terminate the first Motion as moot.  Doc. 28.

First, based on Mr. Amusan's explanations at the October 3 hearing, the Court is satisfied that disciplinary proceedings are not warranted in this case. Mr. Amusan explained that a combination of unanticipated demands of a family member's ill health and his inexperience litigating in federal court led to his failures to timely and appropriately comply with his obligations in this case. While the Court does not express any opinion on the content of Mr. Amusan's explanation, it concludes that no further disciplinary proceedings are appropriate. *Cf.* S.D. Ga. LR Civ. 83.5(g).

The Court also concludes that dismissal of Plaintiff's Complaint, pursuant to Federal Rule 41(b), is not warranted. As discussed below, it is clear that Plaintiffs have not pursued this case appropriately. However, involuntary dismissal under Rule 41(b) "is an extreme sanction that may be properly imposed only when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337-38 (11th Cir. 2005) (internal quotation marks, emphasis, and citation omitted). "Moreover, the harsh sanction of dismissal with prejudice is thought to

be more appropriate in a case where a party, as distinct from counsel, is culpable." *Id.* (citation omitted).  Therefore, despite Mr. Amusan's failure to timely comply with the Court's Orders, *see, e.g.,* doc. 18 at 1, dismissal pursuant to Rule 41(b) is not warranted.

 The Court, therefore, proceeds to consider the pending Motion to Dismiss.  Doc. 7.  Before reaching the substance of that Motion, however, the Court must address a procedural defect.  Federal Rule of Civil Procedure 12(b) provides that "[e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required." Fed. R. Civ. P. 12(b).  However, a party raising by motion the defenses enumerated under the rule must do so "**before** pleading if a responsive pleading is allowed." *Id.* (emphasis added).  Defendants all filed answers before they jointly moved to dismiss.  *Compare* doc. 7 (Motion to Dismiss), *with* doc. 4 (Answer of Antionette Marsh), doc. 5 (Answer of Werner Enterprises), *and* doc. 6 (Answer of Ace American Insurance Company). "Under the unambiguous, mandatory language of Rule 12(b), a motion to dismiss must be made before an answer is filed." *Brisk v. City of Miami Beach, Fla.*, 709 F. Supp. 1146, 1147 (S.D. Fla. 1989).

To be sure, Defendants raised the same issues presented in their Motion to Dismiss in their respective responsive pleadings, *see,* doc 4. at 2-3; doc. 5 at 2-3; doc. 6 at 2-3, but that does not necessarily remedy their procedural error. *See Walker v. Mead*, 2014 WL 2778162, at *1 (M.D. Fla. June 18, 2014) ("[T]o the extent the Motion seeks dismissal under Federal Rule of Civil Procedure 12(b), any right thereto has been waived because [defendant] filed his Motion contemporaneously with his answer, in contravention of Rule 12(b)'s requirement that a motion to dismiss be filed before the responsive pleading."); *see also Brisk*, 709 F. Supp. at 1147 ("Once the defendants filed their answer, it became procedurally impossible for the Court to rule on the motion to dismiss."); *cf. Ward v. Glynn Cnty. Board of Comm'rs*, 2016 WL 4269041, at *7 (S.D. Ga. Aug. 11, 2016) (declining to find that defendant's filing of an answer on the same day as its motion to dismiss for failure to state a claim rendered the motion moot, where motion was submitted before the responsive pleading).

Even though Defendants' motion to dismiss is procedurally improper, it is not necessarily fatal to the underlying substance of their arguments. Some district courts in the Eleventh Circuit simply deny as

5

moot an untimely filed motion to dismiss. *See Walker*, 2014 WL 2778162, at *1, *3 (denying motion to dismiss filed simultaneously with answer and collecting cases where "[d]istrict [c]ourts in the Eleventh Circuit [have] routinely den[ied] motions to dismiss as moot which are filed simultaneously with or after an answer is filed."). However, other courts address the substantive arguments, at least those made under Rule 12(b)(6), "as if they had been properly raised in a motion for judgment on the pleadings." *Brisk*, 709 F. Supp. at 1147-48; *see also Tamiami Condo. Warehouse Plaza Ass'n, Inc. v. Markel Am. Ins. Co.*, 2019 WL 4863378, at *2 (S.D. Fla. Oct. 2, 2019) (noting that Rule 12(b) "requires that all . . . motions be filed prior to a responsive pleading," and construing Rule 12(b)(6) motion as a motion for judgment on the pleadings pursuant to Rule 12(c)); *Alilin v. State Farm Mut. Auto. Ins. Co.*, 2014 WL 7734262, at *4 (M.D. Fla. Jan. 30, 2014) (construing a post-answer motion brought under Rule 12(b)(6) as a motion for judgment on the pleadings brought under Rule 12(c), since the standards are the same); *see also* Fed. R. Civ. P. 12(i) (contemplating motions requesting that the Court hear and decide any defenses raised "in a pleading or by motion" prior to trial). A district court's determination as to how to proceed is discretionary. *Green*

*v. Henry Cnty. Comm'n*, 2020 WL 974388, at *3 (M.D. Ala. Feb. 28, 2020). Here, the Court should exercise that discretion to consider Defendants' arguments raised in their Motion to Dismiss.

Given the undersigned's recommendation that the Court consider the arguments in the Motion to Dismiss, the Court must confront whether that Motion was timely opposed. As the Court has noted on several prior occasions, no response in opposition to the Motion to Dismiss was filed within the fourteen-day period provided by the Local Rules. *See* doc. 9 at 2; doc. 11 at 2-3. Plaintiffs' belated request to retroactively extend the deadline was denied on its merits. *See* doc. 15. As noted above, Plaintiffs have filed another request to retroactively extend the deadline. Doc. 21.

As the Court previously explained, retroactive extension of an expired deadline requires a showing of "excusable neglect." *See* doc. 15 at 2 (citing Fed. R. Civ. P. 6(b)(1)(B)). In evaluating whether there has been excusable neglect the Court considers: (1) the risk of prejudice to the nonmovant; (2) the length of the delay and its effect on the proceedings; (3) the reason for the delay; and (4) the movant's good faith. *See* doc. 15 at 2-3 (quoting *EarthCam, Inc. v. OxBlue Corp.*, 703 F. App'x 803, 813

(11th Cir. 2017)).  Plaintiff's written Motion, again, does not engage with any of those factors.  *See generally* doc. 21; *see also* doc. 15 at 3.  At the October 3 hearing, Plaintiff's counsel conceded that he could not show excusable neglect.  His request to extend his deadline to respond to the Motion to Dismiss is, therefore, **DENIED**.  Doc. 21.

Defendants' unopposed Motion to Dismiss argues that Plaintiffs' Complaint should be dismissed because their claims are barred by the applicable statute of limitations.  *See generally* doc. 7.  The Complaint alleges that Plaintiffs were injured in a motor-vehicle collision caused by Defendant Marsh on April 6, 2021.  *See, e.g.,* doc. 1-1 at 3-4.  Plaintiffs filed their Complaint in the Superior Court of Liberty County Georgia on April 6, 2023.  *See id.* at 1; *see also* doc. 7 at 1.  As Defendants correctly point out, the statute of limitations for actions for personal injury under Georgia law is two years.  Doc. 7 at 2 (citing O.C.G.A. § 9-3-33).  Plaintiffs, therefore, filed their lawsuit on the final day of the relevant statute of limitations, on the second anniversary of the collision.  Plaintiffs then failed to serve any Defendant until October 7, 2024, when they purported to serve Defendants Werner Enterprises, Inc. and Ace American Insurance Company, 550 days after they originally filed their Complaint.

Docs. 25 & 26. There is no indication that Defendant Marsh has ever been served. *See generally* docket.

The statute of limitations ran the day Plaintiffs filed their Complaint, and 550 days before any Defendant was served. Because the Court exercises its diversity jurisdiction over this case, *see* doc. 1 at 3 (invoking 28 U.S.C. § 1332), it applies Georgia law to determine whether the expiration of the statute of limitations between the filing of the Complaint and service of process on Defendants Werner Enterprises and Ace American Insurance Company bars Plaintiffs' claims. *See Cambridge Mut. Fire Ins. Co. v. City of Claxton, Ga.*, 720 F.2d 1230, 1232-33 (11th Cir. 1983); *see also Aucoin v. Connell*, 209 F. App'x 891, 893 (11th Cir. 2006) ("In a suit where federal jurisdiction is founded on diversity of citizenship, the statute of limitations is governed by state law under the doctrine of *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 79 (1938). The applicable statute of limitations must come from state law. [Cit.] And the law governing when the suit was commenced for purposes of the statute of limitations is also governed by state law.").

Under Georgia law, O.C.G.A. § 9-11-4(c) provides the person making service a five-day grace period after receiving a summons to

9

actually serve the defendant. When a complaint is filed within the limitations period, but service is perfected after the limitations period ends, as in this case, service "relates back" to the time of filing "so as to avoid the limitation" only if service is timely perfected. *Giles v. State Farm Mut. Ins. Co.*, 765 S.E.2d 413, 416-17 (Ga. Ct. App. 2014). When service is not made until after the five-day period and the statute of limitations has expired, whether the action is time-barred depends on the plaintiff's diligence in effectuating service. *Id.* at 417.

There is no question in this case that Plaintiffs failed to serve any Defendant before the expiration of the statute of limitation or within the five-day safe harbor provision contained in O.C.G.A. § 9-11-4(c). Accordingly, the sole question is whether Plaintiffs could maintain a claim against any Defendant by showing that Plaintiffs exercised diligence in attempting to serve them. *See Collins v. Dolgencorp, LLC*, 2022 WL 18584560, at *4 (N.D. Ga. Aug. 12, 2022); *see also Owens v. de Leon*, 2019 WL 8277268, at *3 (N.D. Ga. Dec. 13, 2019) ("Thus, under clear Eleventh Circuit precedent, this suit must be held to have commenced after the expiration of the statute of limitations unless Plaintiffs 'diligently attempted' to perfect service." (quoting *Cambridge*

10

*Mutual*, 720 F.2d at 1233)). Plaintiffs bear the burden of demonstrating diligence. *See Tlemcani v. Ga. Dep't of Comm. Health*, 2017 WL 8293276, at *6 (N.D. Ga. Sept. 28, 2017) (citing *Vasile v. Addo*, 800 S.E.2d 1, 6 (Ga. Ct. App. 2017)).

This Court has previously observed that "[m]any Georgia courts addressing this issue have varying understandings of what it means to be diligent in accordance with O.C.G.A. § 9-11-4(c)." *Smoot-Lee v. Corizon Health, Inc.*, 2016 WL 7491804, at *3 (S.D. Ga. Dec. 30, 2016). The Northen District of Georgia has made a similar observation, finding the definition of "diligence" under Georgia law to be "far from clear." *Collins*, 2022 WL 18584560, at *4 (citing *Tenet Healthcare Corp. v. Gilbert*, 627 S.E.2d 821, 829-30 (Ga. Ct. App. 2006) (reasonable diligence where defendants served within 7, 27, and 44 days of forwarding process papers to sheriff), *overruled on other grounds by Giles*, 765 S.E.2d at 419; *Classic Commercial Servs., Inc. v Baldwin*, 784 S.E.2d 44 (Ga. Ct. App. 2016) (remanding for examination of whether 11 months for service was reasonable); *Luca v. State Farm Mut. Auto. Ins. Co.*, 637 S.E.2d 86, 90 (Ga. Ct. App. 2006) (remanding because plaintiff exercised due diligence in attempting to serve the defendant twice in ten months); *Milton v.*

11

*Goins*, 711 S.E.2d 415, 417 (Ga. Ct. App. 2011) (no diligence where affidavit "describes no more than a single attempt to effect service"), *overruled on other grounds by Giles*, 765 S.E.2d at 419; *Walker v. Culpepper*, 742 S.E.2d 144, 146 (Ga. Ct. App. 2013) (no diligence where no attempt to serve between May 2011 and February 2012), *overruled on other grounds by Giles*, 765 S.E.2d at 419.).

While the definition of "diligence" might not be clear, what *is* clear is that under any analysis of diligence, Plaintiffs fail to demonstrate even the bare minimum. There is nothing to indicate that Plaintiffs took any action to attempt service on the Defendants until well over a year after they filed this lawsuit. On July 31, 2024, 482 days after filing their Complaint, Plaintiffs sought to "cure their lack of perfection of service upon the Defendants" by sending "proposed Acknowledgment of Service" requests to their counsel. Doc. 13 at 2. It was not until October 2, 2024, 545 days after filing their Complaint, that Plaintiffs provided their process server with the Summons and Complaint to serve. *See* doc. 25 & 26. The Court should find, therefore, that Plaintiffs were not diligent in attempting to perfect service on Defendants after the expiration of the limitations period, that the date of service does not relate back to the

12

filing of the lawsuit, and that the statute of limitations bars Plaintiffs' claims against all three Defendants. Therefore, Defendants' Motion to Dismiss should be **GRANTED**. Doc. 7.

Plaintiffs attempt to avoid this result by seeking a voluntary dismissal, without prejudice, under Federal Rule of Civil Procedure 41(a)(2). Doc. 29. Pursuant to Rule 41(a)(2), after a defendant has filed an answer or motion for summary judgment, this Court has the discretion to grant a plaintiff's request to voluntarily dismiss his complaint. In exercising such discretion, the Court must consider the interests of the defendants and whether the defendants will suffer "clear legal prejudice, other than the mere prospect of a subsequent lawsuit, as a result" of the voluntary dismissal. *Pontenberg v. Boston Sci. Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001) (emphasis in original) (quoting *McCants v. Ford Motor Co.*, 781 F.2d 855, 856-7 (11th Cir. 1986)). District courts "must 'weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate.' " *Id.* at 1256 (quoting *McCants*, 781 F.2d at 857).

Defendants argue that they would be unfairly prejudiced if Plaintiffs were permitted to dismiss this case without prejudice, and that Plaintiffs fail to provide any grounds why a dismissal without prejudice is proper. Doc. 30 at 5-9. They are correct. Plaintiffs delayed service on these defendants for over a year while this case languished in state court. Plaintiffs delayed service yet again after Defendants removed the case to this Court and explicitly noted the lack of service. At this point, one Defendant has still yet to be served. The statute of limitations ran almost 600 days ago. While the Court does note Plaintiffs' counsel's personal obstacles, *see* doc. 29-1, on balance, the weight of equities favors a dismissal with prejudice. *Pontenberg*, 252 F.3d at 1256. Plaintiffs' Motion for Permission to Voluntarily Dismiss Without Prejudice should be **DENIED**. Doc. 29. Plaintiffs' Complaint should be dismissed with prejudice.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to

14

Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 25th day of November, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA